UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

V.A.S.R.,

*Petitioner*,

– against –

KENNETH GENALO, in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement; ROBERT BROWN, in his official capacity as Acting Warden of the Metropolitan Detention Center; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director, Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General, U.S. Department of Justice,

*Respondents*.

**MEMORANDUM & ORDER**
26-cv-06198 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On September 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner V.A.S.R.[1] when he appeared for an immigration check-in

[1] Petitioner has moved to proceed under a pseudonym. *See* Mot. to Proceed under Pseudonym, ECF No. 2. Upon consideration of the petition and petitioner's motion and memorandum of law, the Court finds that petitioner's interest in anonymity outweighs the public interest in disclosure and any prejudice to respondents. *See Sealed Petitioner v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008). Accordingly, the motion is granted.

appointment. Pet. for Writ of Habeas Corpus ("Petition") ¶¶ 2, 6, ECF No. 1.[2] Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 6. Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1. For the reasons discussed below, the petition is **GRANTED**.

## BACKGROUND

Petitioner is allegedly a citizen of Ecuador. Pet. ¶ 8. He entered the United States without inspection on November 16, 2022, when he was 17 years old. Pet. ¶ 3; Gov't Letter dated Oct. 7, 2026 ("Gov't Letter") at 1, ECF No. 8. After a short period of detention, he was released on humanitarian parole on November 17, 2022. Gov't Letter 1; Pet. ¶ 3. That parole expired on January 17, 2023, and was not renewed. Gov't Letter 1–2. Following his 2022 release, petitioner settled with his mother in New York, attending school online and working in construction. Pet. ¶ 23.

On August 17, 2026, petitioner received a letter from ICE instructing him to attend a "check in" appointment on September 9, 2026. Pet. ¶ 28; Gov't Letter 2. When petitioner arrived for the appointment, he was immediately taken into custody. Pet. ¶ 30; Gov't Letter 2. Petitioner has been in ICE custody since that arrest. Pet. ¶ 31; Gov't Letter 2–3. He is currently being held at MDC. Pet. ¶ 31; Gov't Letter 3.

Petitioner commenced the instant action on October 1, 2026, by filing a petition for a writ of habeas corpus. *See* Pet. The next day, the Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's

---

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), *R.J.S.R v. Mullin*, No. 26-cv-03611, 2026 WL 1803649 (E.D.N.Y. June 23, 2026), *Menjivar v. Genalo*, No. 26-cv-2506, ECF No. 16 (E.D.N.Y. June 12, 2026), *R.M.R. v. Genalo*, No. 26-cv-04358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026), or any other decision of this Court. Scheduling Order 2, ECF No. 5.

On October 7, 2026, the government filed a response stating that petitioner is subject to detention under 8 U.S.C. § 1225(b)(2)(A) because he was apprehended shortly after crossing the border in 2022 and was released on parole under 8 U.S.C. § 1182(d)(5)(A). Gov't Letter 3. The government further argues that *da Cunha* is "distinguishable" because it did not address noncitizens who were released into the country on parole. Gov't Letter 3. Despite that contention, however, the government acknowledges that this Court has previously held that noncitizens released on parole that later lapses cannot be subject to mandatory detention under 8 U.S.C. § 1225(b) under *da Cunha*. Gov't Letter 4 (citing *Mora Alvarez v. Blanche*, 2026 WL 2295454, at *2-3 (E.D.N.Y. Aug. 10, 2026); *R.M.R. v. Genalo,* 2026 WL 2211009 (E.D.N.Y. July 31, 2026)).

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v.*

*Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[3]

**LEGAL STANDARD**

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290 (E.D.N.Y. 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

**DISCUSSION**

Petitioner contends, among other arguments, that he is being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *See, e.g.*, Pet. ¶¶ 34–38, 41–47. The government concedes that "this case is not materially distinguishable" from this Court's decisions in *Mora Alvarez* and *R.M.R.* Gov't Letter 4.

Accordingly, for the reasons stated by this Court in *Mora Alvarez* and *R.M.R.*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment.[4] *See Mora Alvarez*, 2026 WL 2295454, at *2–3;

---

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[4] For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Mora*

*R.M.R.*, 2026 WL 2211009, at *2–5; *see also Olivier v. Mullin*, 2026 WL 2350274, at *2 (E.D.N.Y. Aug. 13, 2026); *Rivera Casallos v. Maldonado*, 2026 WL 2267789, at *4–5 (E.D.N.Y. Aug. 6, 2026); *Robles Escalona v. Warden, MDC Brooklyn*, 2026 WL 2018505, at *3 (E.D.N.Y. July 13, 2026).

Moreover, as this Court discussed in *R.M.R.*, respondents' argument that *da Cunha* is distinguishable, Gov't Letter 3, ignores the reality that petitioner here is not "requesting lawful entry into the United States—he is, in fact, already in the country, and has been for multiple years[.]" *R.M.R.*, 2026 WL 2211009, at *3. Like the noncitizen in *da Cunha*, and the Court's prior opinions in *R.M.R.* and others, petitioner has built a life with his mother here. In other words, "[h]e is ... no longer seeking admission; he is here." *Robles Escalona*, 2026 WL 2018505, at *3. Thus, Section 1225(b)(2)(A) cannot apply to him. *da Cunha*, 175 F.4th at 74.

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

---

*Alvarez* and *R.M.R. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on October 9, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

The government's October 7, 2026, deadline to file a full response and petitioner's October 9, 2026, deadline to file a reply are hereby adjourned *sine die*.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: October 8, 2026
Brooklyn, New York